IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 JAN 29 PM 1:20

CLERK

BY _____
DEPUTY CLERK

|  |  |
|---|---|
| A.M., by and through his parents and natural guardians, Christopher Messineo and Jill Messineo; E.M., by and through her parents and natural guardians, Christopher Messineo and Jill Messineo; CHRISTOPHER MESSINEO, individually; JILL MESSINEO, individually; A.S., by and through her parents and natural guardians, Russell Senesac and Selena Senesac; RUSSELL SENESAC, individually; SELENA SENESAC, individually; and the ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT, <br><br> *Plaintiffs,* <br> v. <br><br> DANIEL M. FRENCH, in his official capacity as Secretary of the Vermont Agency of Education; and GEORGE B. "JEB" SPAULDING, in his official capacity as Chancellor of the Vermont State Colleges System, <br><br> *Defendants.* | Case No. 2:19-cv-15 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

A.M., by and through his parents and natural guardians, Christopher Messineo and Jill Messineo; E.M., by and through her parents and natural guardians, Christopher Messineo and Jill Messineo; Christopher Messineo, individually; Jill Messineo, individually; A.S., by and through her parents and natural guardians, Russell Senesac and Selena Senesac; Russell Senesac, individually; Selena Senesac, individually; and the Roman Catholic Diocese of Burlington, Vermont, Plaintiffs, by counsel and for their causes of action against Daniel M. French, in his

official capacity as Secretary of the Vermont Agency of Education; and George B. "Jeb" Spaulding, in his official capacity as Chancellor of the Vermont State Colleges System, allege and state the following:

## INTRODUCTION

State of Vermont officials are unlawfully discriminating against children based on the religious status of the high schools they attend. The State maintains a Dual Enrollment Program under which high school students take college courses at public expense. The program's main purpose is to promote opportunities for Vermont students to achieve postsecondary readiness through high-quality educational experiences. Students at public, private secular, and home schools are eligible. But the State categorically excludes students at private religious high schools. The State is penalizing parents for exercising their constitutionally protected right to choose a religious education for their children, and is discriminating against the faith-based schools they choose.

The Defendants' discriminatory treatment of the Plaintiffs is unjustified. The Dual Enrollment Program statute incorporates by reference the eligibility criteria for the separate and different Town Tuitioning Program. Under the Dual Enrollment Program, the State is paying for college courses (without regard to their secular or religious content), not tuition for a religious high school. The Dual Enrollment Program statute discriminates against students attending religious high schools not because of the content of college courses they wish to take, but because of the religious status of the high schools they attend.

The Dual Enrollment Program statute also draws an irrational and indefensible distinction between home-schooled and private school students, allowing the former to participate while excluding the latter. No constitutional or public policy rationale justifies this classification.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and federal law, particularly 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

2. This Court is vested with authority to grant the requested declaratory judgment by operation of 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction to award the requested injunctive relief under 28 U.S.C. § 1343.

4. This Court has jurisdiction to award the requested nominal damages under 28 U.S.C. § 1343.

5. This Court has jurisdiction to award reasonable costs and attorneys' fees under 42 U.S.C. § 1988.

6. Venue is proper in United States District Court for the District of Vermont under 28 U.S.C. § 1391(b), because Defendants reside in the District of Vermont and the events giving rise to the claims occurred within the District of Vermont.

## PARTIES

7. Plaintiff A.M. is a junior at Rice Memorial High School, a school of the Roman Catholic Diocese of Burlington. He sues by and through his parents and natural guardians, Christopher Messineo and Jill Messineo.

8. Plaintiff E.M. is a sophomore at Rice Memorial High School, a school of the Roman Catholic Diocese in Burlington. She sues by and through her parents and natural guardians, Christopher Messineo and Jill Messineo.

9. Plaintiff Christopher Messineo is the father of Plaintiffs A.M and E.M. He sues on behalf of his son, Plaintiff A.M., his daughter, plaintiff E.M., and on his own behalf.

10. Plaintiff Jill Messineo is the mother of Plaintiffs A.M and E.M. She sues on behalf of her son, Plaintiff A.M., her daughter, plaintiff E.M., and on her own behalf.

11. Plaintiff A.S. is a junior at Rice Memorial High School, a school of the Roman Catholic Diocese of Burlington. She sues by and through her parents and natural guardians, Russell Senesac and Selena Senesac.

12. Plaintiff Russell Senesac is the father of Plaintiff A.S. He sues on behalf of his daughter, Plaintiff A.S., and on his own behalf.

13. Plaintiff Selena Senesac is the mother of Plaintiff A.S. She sues on behalf of her daughter, Plaintiff A.S., and on her own behalf.

14. Plaintiff Roman Catholic Diocese of Burlington, Vermont owns and operates Rice Memorial High School, a religious secondary school.

15. Defendant Daniel M. French is the Secretary of the Vermont Agency of Education.

16. The Agency of Education bears primary responsibility for operating the Dual Enrollment Program whose eligibility criteria are challenged in this lawsuit.

17. Defendant French, as the head of the Agency of Education, is the primary state official overseeing the operation and enforcement of the Dual Enrollment Program, whose eligibility criteria are challenged in this lawsuit. He is sued in his official capacity.

18. Defendant George B. "Jeb" Spaulding is the Chancellor of the Vermont State Colleges System, which contracts with the Vermont Agency of Education to manage the dual enrollment program, including by managing the voucher approval process for participating schools.

19. The Vermont State Colleges System participates in the operation of the Dual Enrollment Program whose eligibility criteria are challenged in this lawsuit.

20.     Defendant Spaulding, as the head of the Vermont State Colleges System, bears primary responsibility for managing the dual enrollment voucher approval process, which is the mechanism through which the State of Vermont funds courses for students who are deemed eligible to participate in the dual enrollment program. He is sued in his official capacity.

## STATEMENT OF FACTS

A. <u>The Town Tuitioning Program</u>

21.     The State of Vermont has had a Town Tuitioning Program since 1869, *see* https://www2.ed.gov/parents/schools/choice/educationoptions/report_pg21.html, which provides educational vouchers for students who live in towns without public schools, Vt. Stat. Ann. tit. 16, § 821, *et seq.*

22.     Plaintiffs are not challenging the Town Tuitioning Program eligibility criteria as applied to the Town Tuitioning Program itself. They instead challenge the use of those criteria in operating the quite distinct Dual Enrollment Program, discussed in more detail *infra*.

23.     Under the Town Tuitioning Program, towns without public schools pay tuition directly to either a public or an approved private school on behalf of their students. Vt. Stat. Ann. tit. 16, §§ 823-824.

24.     In 1961, the Vermont Supreme Court held that towns paying tuition to private religious schools violated the Establishment Clause of the First Amendment to the United States Constitution. *See Swart v. S. Burlington Town Sch. Dist.*, 167 A.2d 514, 516-521 (1961).

25.     The Vermont Supreme Court distinguished this ruling in 1994, finding that the Establishment Clause did not forbid a local school board from reimbursing tuition paid by parents whose child attended a religious private school because their town did not have a public school. *See Campbell v. Manchester Bd. of Sch. Directors*, 641 A.2d 352, 357-361 (1994).

26. However, the Vermont Supreme Court subsequently ruled that allowing towns to reimburse parents for tuition to private religious schools through the Town Tuitioning Program violated Article 3 of Vermont's state constitution. *See Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539 (1999).

27. As a result, a private religious school cannot be a private school eligible to receive tuition payments under the Town Tuitioning Program.

B. The Dual Enrollment Program

28. Before 2013, the State of Vermont had no formal dual enrollment program, but high school students could use certain state funding sources, such as the Next Generation Initiative Fund, to pay for college courses for dual college and high school credit.

29. High school students at religious approved independent schools were among those who took dual credit courses at public expense.

30. The State of Vermont created the Flexible Pathways Initiative in 2013.

31. One of the Initiative's stated purposes is "to encourage and support the creativity of school districts as they develop and expand high-quality educational experiences that are an integral part of secondary education in the evolving 21st Century classroom." Vt. Stat. Ann. tit. 16, § 941(a)(1).

32. The second stated purpose of the Flexible Pathways Initiative is "to promote opportunities for Vermont students to achieve postsecondary readiness through high-quality educational experiences that acknowledge individual goals, learning styles, and abilities." *Id.* § 941(a)(2).

33. The Initiative's final stated purpose is "to increase the rates of secondary school completion and postsecondary continuation in Vermont." *Id.* § 941(a)(3).

34. To pursue these objectives, the Vermont General Assembly expanded the statewide Dual Enrollment Program.

35. The Dual Enrollment Program is "a potential component of a student's flexible pathway." *Id.* § 944(a).

36. Under the Dual Enrollment Program, eligible high school students take college courses at public expense. *Id.* § 944(b)(2).

37. Under the program, an eligible high school student "may enroll in up to two dual enrollment courses prior to completion of secondary school for which neither the student nor the student's parent or guardian shall be required to pay tuition." *Id.*

38. The Vermont General Assembly declared that the Vermont State Colleges System and the University of Vermont "shall work together to provide dual enrollment opportunities throughout the State." *Id.* § 944(c).

39. High school students eligible for the Dual Enrollment program may take state-funded classes at public or private postsecondary institutions. *Id.* § 944(f) and (g).

40. To be eligible to take college classes at public expense, a Vermont resident must have completed tenth grade but have not received a high school diploma. *Id.* § 944(b)(1).

41. A student's eligibility for the Dual Enrollment Program is determined in part by the identity of the high school he or she attends. *Id.*

42. To be eligible for the program, students must (in addition to satisfying the criteria identified in ¶ 40) be attending one of the following:

- "a Vermont public school, including a Vermont career technical center," *id.* § 944(b)(1)(A)(i)(I);

- "a public school in another state or an approved independent school that is designated as the public secondary school for the student's district of residence," *id.* § 944(b)(1)(A)(i)(II);

- "an approved independent school in Vermont to which the student's district of residence pays publicly funded tuition on behalf of the student," *id.* § 944(b)(1)(A)(i)(III).

43. A student is also eligible if, in addition to satisfying the criteria identified in ¶ 42, he or she "is assigned to a public school through the High School Completion Program." *Id.* § 944(b)(1)(A)(ii).

44. A student is also eligible if, in addition to satisfying the criteria identified in ¶ 42, he or she "is a home study student." *Id.* § 944(b)(1)(A)(iii).

45. Under the Town Tuitioning Program, private schools can be "designated as the public secondary school for the student's district of residence," *id.* § 944(b)(1)(A)(i)(II), and can be those "to which the student's district of residence pays publicly funded tuition on behalf of the student." *Id.* § 944(b)(1)(A)(i)(III).

46. Given the Vermont Supreme Court's ruling in *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539 (1999), only non-religious private schools can be "designated as the public secondary school for the student's district of residence" and be those "to which the student's district of residence pays publicly funded tuition on behalf of the student."

47. Because the Town Tuitioning Program excludes private religious schools, students at private religious schools may not participate in the Dual Enrollment Program.

48. Students at private religious schools may not participate in the Dual Enrollment Program even though allowing them to do so would not violate the Vermont Constitution as interpreted in *Chittenden*.

49. Otherwise eligible high school students who attend private religious schools are excluded from participating in Vermont's Dual Enrollment Program solely because of the religious character of their schools.

50. Vermont's Agency of Education maintains a list of colleges and universities participating in the Dual Enrollment Program. *See* http://education.vermont.gov/student-learning/flexible-pathways/dual-enrollment.

51. Nineteen institutions of higher education appear on the current list of those participating in the Dual Enrollment Program. *See id.*

52. Certain of the nineteen institutions of higher education that participate in the Dual Enrollment Program are religious in nature. *See id.*

53. The statute and regulations governing the Dual Enrollment Program do not forbid eligible students from taking college classes with religious content.

54. In fiscal year 2017, 79 high schools had Dual Enrollment Program participation agreements with the Vermont Agency of Education. *See* https://education.vermont.gov/sites/aoe/files/documents/edu-dual-enrollment-program-manual-2017-1.pdf.

55. In fiscal year 2017, 15 of the 79 high schools participating the Dual Enrollment Program were private. *See id.*

C. The Messineo Family

56. Plaintiffs Christopher and Jill Messineo are the parents of Plaintiffs A.M and E.M.

57. Plaintiff A.M. is a junior at Rice Memorial High School.

58. Plaintiff E.M. is a sophomore at Rice Memorial High School.

59. Plaintiffs Christopher and Jill Messineo are also the parents of Plaintiffs A.M. and E.M.'s two younger siblings.

9

60. The Messineo family resides in the Georgia School District.

61. The Georgia School District does not have a public high school.

62. Rice Memorial High School is a private Catholic high school.

63. Plaintiffs Christopher and Jill Messineo send Plaintiffs A.M. and E.M., and their younger siblings to private religious schools because of the academic challenge, supportive community, individual attention, and integration of faith and learning that they provide.

64. Plaintiffs Christopher and Jill Messineo exercise their religion by sending Plaintiffs A.M. and E.M., and their younger siblings to private religious schools.

65. Plaintiff A.M. exercises his religion by attending Rice Memorial High School.

66. Plaintiff E.M. exercises her religion by attending Rice Memorial High School.

67. Plaintiffs Christopher and Jill Messineo would like Plaintiffs A.M. and E.M., and their younger siblings to take college courses through the Dual Enrollment Program.

68. Plaintiff A.M. is sufficiently prepared to succeed in a dual enrollment course.

69. Plaintiff E.M. is sufficiently prepared to succeed in a dual enrollment course.

70. Plaintiff A.M. would like to take one or two courses at either St. Michael's College or the University of Vermont.

71. Plaintiff E.M. would like to take one or two courses at either St. Michael's College or the University of Vermont.

72. It is not financially feasible for Plaintiffs Christopher and Jill Messineo to pay for Plaintiff A.M. and Plaintiff E.M. to take college courses at St. Michael's College or the University of Vermont.

73. It is not financially feasible for Plaintiff A.M. to take college courses at St. Michael's College or the University of Vermont at his own expense.

74. It is not financially feasible for Plaintiff E.M. to take college courses at St. Michael's College or the University of Vermont at her own expense.

75. If Plaintiff A.M. were a home study student, he would be eligible for the Dual Enrollment Program.

76. If Plaintiff E.M. were a home study student, she would be eligible for the Dual Enrollment Program beginning in the summer of 2019.

77. If Plaintiff A.M. attended a secular private school, he would be eligible for the Dual Enrollment Program.

78. If Plaintiff E.M. attended a secular private school, she would be eligible for the Dual Enrollment Program beginning in the summer of 2019.

D. The Senesac Family

79. Plaintiffs Russell and Selena Senesac are the parents of Plaintiff A.S.

80. Plaintiff A.S. is a junior at Rice Memorial High School.

81. Plaintiffs Russell and Selena Senesac are also the parents of Plaintiff A.S.'s two younger siblings.

82. The Senesac family resides in the Fairfax School District.

83. The Fairfax School District has a public high school.

84. Plaintiffs Russell and Selena Senesac send Plaintiff A.S. to a private religious school because of the academic challenges, supportive community, individual attention, and integration of faith and learning that they provide.

85. Plaintiffs Russell and Selena Senesac exercise their religion by sending Plaintiff A.S. to a private religious school.

86. Plaintiff A.S. exercises her religion by attending Rice Memorial High School.

11

87. Plaintiffs Russell and Selena Senesac would like Plaintiff A.S. and her younger siblings to take college courses through the Dual Enrollment Program.

88. Plaintiff A.S. is sufficiently prepared to succeed in a dual enrollment course.

89. Plaintiff A.S. would take one or two courses at the University of Vermont.

90. It is not financially feasible for Plaintiffs Russell and Selena Senesac to pay for Plaintiff A.S. to take college courses at the University of Vermont.

91. It is not financially feasible for Plaintiff A.S. to take college courses at the University of Vermont at her own expense.

92. If Plaintiff A.S. were a home study student, she would be eligible for the Dual Enrollment Program.

E. Rice Memorial High School

93. Rice Memorial High School is a ministry of Plaintiff the Roman Catholic Diocese of Burlington, Vermont.

94. Plaintiff the Roman Catholic Diocese of Burlington, Vermont, exercises its religion by operating Rice Memorial High School.

95. Rice Memorial High School is a Roman Catholic school that exists to guide its students toward the realization of their God-given potential.

96. Rice Memorial High School is willing to assume the responsibilities of secondary schools participating in the Dual Enrollment Program set forth in Vt. Stat. Ann. tit. 16, § 944(d).

97. Rice Memorial High School would permit Plaintiffs A.M. and E.M., and their younger siblings to take college courses through the Dual Enrollment Program if they were eligible for the program.

98. Rice Memorial High School would permit Plaintiff A.S. and her younger siblings to take college courses through the Dual Enrollment Program if they were eligible for the program.

99. The Dual Enrollment Program statute forbids Rice Memorial High School from participating in the program because it is not an "approved independent school in Vermont to which [a] student's district of residence pays publicly funded tuition on behalf of [a] student." Vt. Stat. Ann. tit. 16, § 944(b)(1)(A)(i)(III).

100. Given the Vermont Supreme Court's *Chittenden* decision, Rice Memorial High School cannot be an "approved independent school in Vermont to which [a] student's district of residence pays publicly funded tuition on behalf of [a] student." *Id.*

101. Rice Memorial High School may not participate in the Dual Enrollment Program solely because of its religious character.

102. Rice Memorial High School suffers a competitive disadvantage because students must relinquish their eligibility for the Dual Enrollment Program in order to attend.

## COUNT I

### THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

103. Plaintiffs repeat and reallege each allegation contained in ¶¶ 1-102 of this Complaint.

104. The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, exclude Plaintiffs A.M. and E.M. from the program simply because of the religious status of the school they attend.

105. The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, exclude Plaintiffs A.M. and E.M. from the Dual Enrollment Program because their parents,

13

Plaintiffs Christopher and Jill Messineo, exercised their religion by sending Plaintiffs A.M. and E.M. to Rice Memorial High School.

106.  The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, prevent Plaintiffs A.M. and E.M. from obtaining college credits while in high school at public expense solely because of the religious status of Rice Memorial High School.

107.  The Defendants, by enforcing the Dual Enrollment Program eligibility criteria, force Plaintiffs A.M., E.M., Christopher Messineo, and Jill Messineo to choose between exercising their religion by receiving an education at a religious high school and eligibility for the Dual Enrollment Program.

108.  If Plaintiff A.M. attended a secular private school, he would be eligible for the Dual Enrollment Program.

109.  If Plaintiff E.M. attended a secular private school, she would be eligible for the Dual Enrollment Program, beginning in summer of 2019.

110.  If Plaintiffs Christopher and Jill Messineo sent Plaintiff A.M. to a secular private school, he would be eligible for the Dual Enrollment Program.

111.  If Plaintiffs Christopher and Jill Messineo sent Plaintiff E.M. to a secular private school, she would be eligible for the Dual Enrollment Program, beginning in summer 2019.

112.  The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, exclude Rice Memorial High School from the program solely because of its religious status or character.

113.  If Rice Memorial High School were a private secular school, it and its students would be able to participate in the Dual Enrollment program.

114.  The Dual Enrollment Program's eligibility criteria are not religiously neutral.

115. The Dual Enrollment Program's eligibility criteria are not generally applicable.

116. The Dual Enrollment Program's eligibility criteria evidence hostility to and targeting of religion and substantially burden the religious exercise of Plaintiffs A.M., E.M., Christopher and Jill Messineo, and Rice Memorial High School.

117. The Dual Enrollment Program's eligibility criteria, which exclude religious high schools, their students, and the students' parents, are subject to strict scrutiny.

118. The Dual Enrollment Program's eligibility criteria do not advance a compelling state interest.

119. The Dual Enrollment Program's eligibility criteria are not narrowly tailored to advancing a compelling governmental interest.

120. The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, violate the right of Plaintiffs A.M., E.M., Christopher Messineo, Jill Messineo, and Rice Memorial High School to freely exercise their religion—a right guaranteed by the First Amendment to the United States Constitution as incorporated and applied to the States and state officials through the Fourteenth Amendment.

## COUNT II

### EQUAL PROTECTION CLAUSE OF THE
### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

121. Plaintiffs repeat and reallege each allegation contained in ¶¶ 1-102 of this Complaint.

122. The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, exclude Plaintiffs A.S. and A.M. from the program because they attend a private high school.

123. The Defendants, by enforcing the Dual Enrollment Program's eligibility criteria, exclude Plaintiffs A.S., A.M., and E.M. from the program because their parents exercised their religion by sending them to Rice Memorial High School.

124. The statute governing the Dual Enrollment Program distinguishes between students who select private schools and students who are home-schooled.

125. Home-schooled students are eligible for the Dual Enrollment Program, whether or not there is a public high school in the school district in which they reside.

126. Private school students are ineligible for the Dual Enrollment Program if there is a public high school in the district in which they reside.

127. If Plaintiffs A.S. and A.M. had undertaken a home study program rather than elected to attend a private school, they would have been eligible for the Dual Enrollment Program.

128. If Plaintiff E.M. had undertaken a home study program rather than elected to attend a private school, she would have been eligible for the Dual Enrollment Program beginning in summer 2019.

129. Plaintiffs A.S., A.M., and E.M., are similarly situated to home study students.

130. Plaintiffs Russell Seneca, Selena Senesac, Christopher Messineo, and Jill Messineo are similarly situated to the parents of home study students.

131. The separation of home-schooled students and private school students into different classes does not advance the purposes of the Dual Enrollment Program.

132. This classification is arbitrary and irrational.

133. This classification is not rationally related to a legitimate state interest, nor substantially related to any compelling state interest.

134. This classification violates the Equal Protection Clause rights of Plaintiffs A.S., Russell Senesac, Selena Senesac, A.M., E.M., Christopher Messineo, and Jill Messineo.

135. Because of its religious status, Rice Memorial High School cannot enter into a Dual Enrollment Program participation agreement with the Vermont Agency of Education.

136. Private secular high schools may enter into a Dual Enrollment Program participation agreement with the Vermont Agency of Education.

137. Students at Rice Memorial High School are similarly situated to students at private secular schools.

138. Students at Rice Memorial High School are similarly situated to home-schooled students.

139. For purposes of the Dual Enrollment Program, Rice Memorial High School is similarly situated to private secular high schools.

140. For purposes of the Dual Enrollment Program, Rice Memorial High School is similarly situated to parents who home-school their children.

141. In the context of the Dual Enrollment Program, the distinction between Rice Memorial High School and private secular schools is arbitrary and irrational.

142. Excluding Rice Memorial High School from the Dual Enrollment Program does not advance the program's purposes.

143. This classification is not related to a legitimate state interest, nor substantially related to any compelling state interest.

144. This classification violates the Equal Protection Clause rights of Rice Memorial High School (and thus of Plaintiff Roman Catholic Diocese of Burlington, Vermont).

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment as follows:

1. That this Court enter a preliminary and permanent injunction restraining the Defendants, their officers, agents, employees, and all others acting in concert with them, from enforcing or applying Vt. Stat. Ann. tit. 16, § 944 to exclude the Plaintiffs from participating in the Dual Enrollment Program based on the religious or private status of Rice Memorial High School;

2. That this Court enter a declaratory judgment declaring that Vt. Stat. Ann. tit. 16, § 944 violates the First and Fourteenth Amendments of the United States Constitution as applied to the Plaintiffs, other students at religious high schools, and other religious high schools;

3. That this Court issue the requested injunctive relief without a condition of bond or other security being required of Plaintiffs;

4. That this Court award Plaintiffs nominal damages;

5. That this Court award Plaintiffs' costs and expenses, including attorneys' fees, pursuant to 42 U.S.C. § 1988; and

6. For such other relief as the Court deems just and equitable.

Dated this 29th day of January, 2019.

Respectfully submitted,

_____
Thomas E. McCormick (VT Bar No. 837)
MCCORMICK, FITZPATRICK, KASPER &
BURCHARD, P.C.
40 George Street
Burlington, VT 05402
Telephone: (802) 863-3494
Fax: (802) 865-9747
Email: tem@mc-fitz.com

Gregory S. Baylor* (TX Bar No. 01941500)
Christen M. Price* (D.C. Bar No. 1016277)
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: GBaylor@ADFlegal.org
Email: Cprice@ADFlegal.org

David A. Cortman (GA Bar No. 188810)
Alliance Defending Freedom
1000 Hurricane Shoals Road NE,
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Fax: (770) 339-6744
Email: DCortman@ADFlegal.org

*Counsel for* Plaintiffs
*\*Motion for Admission Pro Hac Vice pending*